**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

SATIJO, as personal representative of the
estate of ENDANG SRI BAGUS NITA,
Deceased,

               Plaintiff,

         v.

THE BOEING COMPANY, a corporation,

               Defendant.

No.  18 cv 08006

Hon. Thomas M. Durkin

## BOEING'S MOTION TO SEQUENCE DISCOVERY

Boeing respectfully requests that this Court enter an order sequencing discovery, with the first phase of discovery in this case, including initial disclosures, focusing on issues relevant to Boeing's forthcoming motion to dismiss on the ground of *forum non conveniens*.  In support of this motion, Boeing incorporates by reference herein Boeing's previously filed Motion to Sequence Discovery in *Bayu Saputra, Personal Representative of the Heirs of Candra Kirana, deceased, Marsudi, Personal Representative of the Heirs of Cici Ariska, deceased, Sutariyo, Personal Representative of the Heirs of Asep Sarifudin, deceased*, No. 18-cv-07686, a related case pending before this Court.  A copy of Boeing's previously filed motion is attached as Exhibit A.

For all the reasons stated in the motion herein incorporated by reference, Boeing therefore respectfully requests that the Court enter an order sequencing discovery and focusing the first phase of discovery, including initial disclosures, on *forum non conveniens* issues until Boeing's forthcoming motion to dismiss is resolved.

DATED:  February 25, 2019                    Respectfully submitted,

                                             **THE BOEING COMPANY**


                                             By:   /s/ Bates McIntyre Larson
                                                      One of Its Attorneys

Bates McIntyre Larson
BLarson@perkinscoie.com
Daniel T. Burley
DBurley@perkinscoie.com
**Perkins Coie LLP**
131 S. Dearborn, Suite 1700
Chicago, Illinois 60603-5559
Phone: (312) 324-8400
Fax: (312) 324-9400

Mack H. Shultz
MShultz@perkinscoie.com
Gretchen M. Paine
GPaine@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

# Exhibit A

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

BAYU SAPUTRA, Personal Representative of
the Heirs of CANDRA KIRANA, deceased,
MARSUDI, Personal Representative of the
Heirs of CICI ARISKA, deceased,
SUTARIYO, Personal Representative of the
Heirs of ASEP SARIFUDIN, deceased,

                    Plaintiffs,

     v.

THE BOEING COMPANY, a corporation,

                    Defendant.

No. 1:18-cv-07686

## BOEING'S MOTION TO SEQUENCE DISCOVERY

Boeing respectfully requests that this Court enter an order limiting the first phase of discovery in this case, including initial disclosures, to issues relevant to Boeing's forthcoming motion to dismiss on the ground of *forum non conveniens*. Such a limitation will serve the interests of efficiency, fairness, and judicial economy; is well within this Court's inherent discretion to manage the scope and sequencing of discovery; and is consistent with the approach other courts have taken in similar circumstances.

This case arises from the tragic Lion Air Flight JT 610 accident in Indonesia on October 29, 2018. The accident flight was operated by an Indonesian airline and took off from the capital of Indonesia, scheduled to fly to another Indonesian city. The Indonesian government registered the accident aircraft and issued the operating certificate to the airline. Plaintiffs' decedents were three of the 187 Indonesians killed in the accident. The accident is now being investigated by the Indonesian authorities, as mandated by international treaty. And the accident and the investigation are a matter of intense public interest, as reflected in the Indonesian media.

In light of these considerations, Boeing anticipates moving to dismiss this case, and all related cases, for *forum non conveniens* under the authority of *Piper Aircraft v. Reyno*, 545 U.S.

235 (1981), and especially *Clerides v. Boeing Co.*, 534 F.3d 623 (7th Cir. 2008), which arose from an accident involving a Boeing aircraft overseas. As Boeing will argue, the disputes relating to the Lion Air Flight JT 610 accident should be heard and resolved by the courts of the nation with the greatest interest in the matter. That means the Indonesian courts, just as other cases arising out of Indonesian aviation accidents have been resolved by the Indonesian courts.

In similar cases where such a *forum non conveniens* motion was contemplated, courts have routinely found that judicial efficiency and the interests of avoiding unnecessary effort and expense by the parties are best served by sequencing discovery, with an initial phase of discovery focused on *forum non conveniens* issues and merits discovery proceeding only if the initial dispositive motion is denied. *See infra* pages 7-8. Such an approach is fair to all parties and in particular imposes no prejudice on Plaintiffs, who will have ample opportunity to explore the factual record through discovery at later stages of the case if it proceeds here. For the same reasons, Boeing respectfully requests that this Court enter an order limiting the first phase of discovery, including initial disclosures, to *forum non conveniens* issues until after the forthcoming dispositive motion is decided.

## I.      BACKGROUND

### A.      The Crash of Lion Air Flight JT 610 and the Ongoing Investigation in Indonesia

This action arises from the October 29, 2018 crash of Lion Air Flight JT 610, a Boeing 737-8 aircraft registered and operating in Indonesia. The flight took off from Jakarta, Indonesia and was bound for Pangkal Pinang, Indonesia. Shortly after takeoff, the aircraft crashed into the Java Sea off the coast of Indonesia. All 189 occupants on board, including 187 Indonesians, died in the accident.

The Indonesia National Transportation Safety Committee ("NTSC-KNKT") is currently investigating this accident, pursuant to Annex 13 of the Convention on International Civil Aviation. There are many parties to the NTSC-KNKT investigation, including the United States National Transportation Safety Board ("NTSB"), and Boeing is providing technical assistance to

92131338.10

the NTSB.  The NTSC-KNKT released its Preliminary Aircraft Accident Investigation Report on November 28, 2018. A final report will be issued at the end of the investigation.

**B.      This Action, Related Lawsuits, and Anticipated Litigation**

Plaintiffs Bayu Saputra, Marsudi, and Sutariyo filed their Complaint against Boeing on November 19, 2018. Plaintiffs bring a wrongful death action on behalf of the estates of three Indonesian passengers on Lion Air Flight JT 610, Candra Kirana, Cici Ariska, and Asep Sarifudin. *See* Compl. ¶¶ 1, 8-11. Boeing waived service of process on December 21, 2018, and filed a notice of appearance on December 26, 2018. *See* Declaration of Bates McIntyre Larson, attached hereto as **Exhibit 1**, at ¶¶ 2-3. Boeing also moved, under Local Rule 40.4, to have this case (the "*Saputra* action") deemed related to *Satijo v. The Boeing Co.*, Case No. 1:18-cv-08006 (the *"Satijo* action"), a later-filed lawsuit filed on December 5, 2018. *See id.* at ¶ 4.

Both the *Saputra* action and the *Satijo* action were identified for inclusion in this District's Mandatory Initial Discovery Pilot ("MIDP") program. *See* Case No. 1:18-cv-07686, Dkt. 5; Case No. 1:18-cv-08006, Dkt. 3.  Among other things, the MIDP program sets expedited deadlines for initial discovery responses and requires early production of electronically stored information ("ESI"). *See* Standing Order in MIDP Cases, available at https://www.ilnd.uscourts.gov/_assets/_documents/MIDP%20Standing%20Order.pdf.

In addition to the *Saputra* and *Satijo* actions, Boeing is currently aware of 22 other lawsuits filed on behalf of passengers of Lion Air Flight JT 610, all of which were filed in the Circuit Court of Cook County, Illinois. *See* Larson Decl., ¶ 5 & Exh. A. Boeing was served with the complaints in two of those cases,[1] and Boeing will timely remove both cases to federal court, based on the Multiparty, Multiforum Trial Jurisdiction Act of 2002 (28 U.S.C. § 1369) and admiralty jurisdiction (28 U.S.C. § 1333(1)). Larson Decl., ¶ 6. Boeing has not been served with the complaints in the remaining 20 state court cases but is agreeing to accept service and will timely remove each case to federal court. *Id.* at ¶ 7.

---

[1] *Dayinta Dyah Anggana v. The Boeing Co.*, Circuit Court of Cook County, Case No. 2018L012613; *Helda Aprilia v. The Boeing Co.*, Circuit Court of Cook County, Case No. 2018L01264.

92131338.10

The *Saputra* plaintiffs are residents and citizens of Indonesia, as were their decedents. *See* Compl. ¶ 1. Likewise, all of the decedents identified in the other 22 filed actions are residents of Indonesia. Larson Decl., ¶ 8. Upon information and belief, 187 of the 189 individuals on board Lion Air Flight JT 610 were residents of Indonesia, and there were no U.S. citizens on board.[2]

### C. Boeing's Anticipated Motion to Dismiss All Related Actions for *Forum Non Conveniens*

As soon as practicable, Boeing will file a motion to dismiss this action, and all related claims arising from the crash of Lion Air Flight JT 610, for *forum non conveniens*. Larson Decl., ¶ 11. Dismissal of this case and the related cases is appropriate on a straightforward application of the Supreme Court's decision in *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 261 (1981), which involved a commercial aircraft that crashed in Scotland carrying Scottish citizens. Analyzing what a trial would look like in the U.S., compared to a trial in Scotland, the *Piper* Court emphasized that critical evidence was in Great Britain and would be more accessible there; important third-party defendants could be impleaded there but not in the U.S.; it was burdensome for a U.S. court to apply foreign law; and Scotland plainly had a greater interest in the dispute than the U.S. *Id.* at 258-61. Even though the aircraft was manufactured in the U.S., the "American interest in this accident is simply not sufficient to justify the enormous commitment of judicial time and resources that would inevitably be required if the case were to be tried here." *Id.* at 260-61.

Since *Piper*, numerous courts have followed and expanded upon that reasoning and dismissed lawsuits attempting to litigate foreign aviation accidents in U.S. courts. The most applicable case in the Seventh Circuit involved a Boeing 737 accident overseas. *See Clerides*, 534 F.3d at 630 (dismissing wrongful death case against Boeing involving the crash of a Cypriot airliner in Greece for *forum non conveniens*); *see also In re Air Crash Disaster Over Makassar*

---

[2] Upon information and belief, one of the pilots of Lion Air Flight JT 610 was a resident of India, and one passenger was a resident of Italy. All other passengers and crew members were residents of Indonesia. Larson Decl., ¶ 9.

*Strait, Sulawesi*, No. 09 cv 3805, 2011 WL 91037, *10 (N.D. Ill. Jan. 11, 2011) (dismissing claims against Boeing for *forum non conveniens* where air crash occurred in Indonesia, all but two plaintiffs resided there, and much of the essential evidence was located in Indonesia); *Patricia v. Boeing Co.*, No. 09 C 3728, 2010 WL 3861077, *6 (N.D. Ill. Sept. 28, 2010) (dismissing claims against Boeing in favor of refiling in Cameroon based on *forum non conveniens* where air crash occurred in Cameroon). Those cases are not materially distinguishable from this one, certainly not in any way that would lead to a different outcome as to *forum non conveniens*.

As Boeing expects to demonstrate in its forthcoming motion to dismiss, *forum non conveniens* dismissal is appropriate here because Indonesia is an available and adequate alternative forum and because the public and private interest factors weigh heavily in favor of dismissal. Some of the key facts relevant to the balancing include:

    a.  The majority of witnesses, documents, and other evidence relating to the cause of the Lion Air Flight JT 610 accident is located in Indonesia, and Boeing will agree to bring to Indonesia any other evidence relating to the design and manufacture of the aircraft that an Indonesian court deems relevant;

    b.  All the witnesses and evidence relating to the damages claimed in this case, and the related cases filed so far, are located in Indonesia; no damages evidence is located in Illinois;

    c.  Third parties potentially at fault in the accident likely are not subject to the jurisdiction of United States courts and could be parties only in an Indonesian proceeding;

    d.  None of the decedents is an American citizen or resident of the United States, and none has any connection with Illinois; and

    e.  Indonesia has a compelling local interest in having these wrongful death actions decided by its courts because the accident occurred in Indonesia and involved an Indonesian carrier, Indonesian residents, and an aircraft that was operated,

maintained, and registered in Indonesia, and because Indonesian authorities are investigating the accident.

Because Boeing's forthcoming motion to dismiss for *forum non conveniens* would be dispositive, Boeing now seeks an order that would sequence discovery and limit the first phase of discovery, including initial disclosures, to *forum non conveniens* issues pending resolution of its motion. Plaintiffs' counsel in this case (the *Saputra* action) has indicated that he will not object to limiting initial discovery to *forum non conveniens* issues after all related Illinois state court cases are removed to federal court and assigned to this Court. *See* Larson Decl., ¶ 10.

## II.     ARGUMENT

To promote efficient and sound case management, and to prevent unnecessary expenditure, this Court should phase discovery, limiting the first phase, including initial disclosures, to *forum non conveniens* issues until this Court rules on Boeing's forthcoming *forum non conveniens* motion.  Full discovery on the merits would then proceed if the *forum non conveniens* motion is denied.

### A.     Discovery Should Be Sequenced, with the Initial Phase Limited to *Forum Non Conveniens* Issues.

"[T]he central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient." *Piper*, 454 U.S. at 258-59. Yet requiring the parties to conduct merits discovery at this stage of the proceeding, whether through initial disclosures or otherwise, would be wasteful and unnecessarily burdensome, as *forum non conveniens* is a potentially dispositive issue and may well moot the need for additional discovery in this forum. Moreover, this case has just begun, and there will be ample time for merits discovery to proceed if Boeing does not prevail on its *forum non conveniens* motion. Limiting the first phase of discovery to *forum non conveniens* issues until the Court has ruled on Boeing's motion would thus serve the same purposes—convenience, fairness, and effective administration of justice—as the doctrine itself. Establishing such a limit is also well within this Court's discretion to manage the discovery process.

The Federal Rules of Civil Procedure allow district courts to adjust the timing, sequence, and scope of initial disclosures and discovery to promote efficiency and ensure that the discovery process does not unduly burden the parties. *See* Fed. R. Civ. P. 26(c); *see also* Fed. R. Civ. P. 16(b)(3)(B) (authorizing a court to include modifications of the timing of initial disclosures and the extent of discovery in a scheduling order). The Seventh Circuit has "consistently … upheld the district court's discretion to manage its cases and control discovery." *Helping Hand Caregivers, Ltd. v. Darden Rests., Inc.*, 900 F.3d 884, 891 (7th Cir. 2018); *see also Geiger v. Aetna Life Ins. Co.*, 845 F.3d 357, 365 (7th Cir. 2017) ("Trial courts retain broad discretion to limit and manage discovery under Rule 26 of the civil rules.") (citations omitted); *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336 (N.D. Ill. 2005) ("District courts enjoy extremely broad discretion in controlling discovery."). This Circuit has recognized that "[d]ecisions by a district court to cut off or limit discovery so as to avoid piecemeal litigation fall squarely within the management province of the district court." *Helping Hand Caregivers*, 900 F.3d at 891.

Phasing discovery and limiting the scope of the first phase of discovery is appropriate for good cause, such as when the resolution of a preliminary motion may dispose of the entire action. "[S]uch stays are granted with substantial frequency," and "are often deemed appropriate where the motion to dismiss can resolve the case–at least as to the moving party, or where the issue is a threshold one, such as jurisdiction, standing, or qualified immunity." *In re Sulfuric Acid*, 231 F.R.D. at 336, 337 (collecting cases); *see also Olivieri v. Rodriguez*, 122 F.3d 406, 409 (7th Cir. 1997) ("[p]retrial discovery is time consuming and expensive; it protracts and complicates litigation; and judges are to be commended rather than criticized for keeping tight reins on it").

In the context of a *forum non conveniens* motion, federal courts often limit the first phase of discovery to *forum non conveniens* issues to promote the policies of judicial economy and fairness underlying the doctrine. *E.g., Cheng v. Boeing Co.*, 708 F. 2d 1406, 1412 (9th Cir. 1983) (holding that district court's order limiting discovery to the *forum non conveniens* issue was not an abuse of discretion where the permitted discovery "provided enough information to enable the

-7-

92131338.10

District Court to balance the parties' interests") (citations omitted); *In re Bridgestone/Firestone Inc. ATX, ATX II & Wilderness Tires Prod. Liab. Litig.*, 131 F. Supp. 2d 1027, 1030-31 (S.D. Ind. 2001) (allowing discovery on *forum non conveniens* issues only and stressing that "discovery should not proceed uncontrolled");[3] *accord Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014) ("In deciding a motion to dismiss for *forum non conveniens*, a district court normally relies solely on the pleadings and affidavits, though it may order limited discovery.") (internal citations omitted). Indeed, the Supreme Court's decision in *Piper* and its progeny contemplate a focused analysis on the public and private factors germane to the *forum non conveniens* decision. *See Piper*, 454 U.S. at 258-61; *Clerides*, 534 F.3d at 630. For that reason, motions to dismiss based on *forum non conveniens* usually are decided at an early stage in the litigation, and a court need not "determine what the ultimate focus of the litigation will be." *In re Air Crash Disaster Near Athens, Greece on Aug. 14, 2005,* 479 F. Supp. 2d 792, 799 (N.D. Ill. 2007) (dismissing claims against Boeing in favor of refiling in Greece or Cyprus based on *forum non conveniens* where air crash in Greece involved a Cyprus-based airline); *accord Path to Riches, LLC v. CardioLync, Inc.*, 290 F. Supp. 3d 280, 286 (D. Del. 2018) (a motion to dismiss for *forum non conveniens* "is appropriately decided … before discovery has taken place and when relativity limited resources have been spent"). "In its *forum non conveniens* analysis, the Court 'must do no more than delineate the likely contours of the case by ascertaining, among other things, the nature of the plaintiff's action, the existence of any potential defenses, and the essential sources of proof.'" *In re Air Crash Disaster Near Athens*, 479 F. Supp. 2d at 799 (quoting *Lacey v. Cessna Aircraft Co.*, 932 F.2d 170, 181 (3d Cir. 1991)).

---

[3] *See also, e.g., 3-B Cattle Co. v. Morgan*, No. 18-cv-1213-EFM-TJJ, 2018 WL 4538448, *2 (D. Kan. Sept. 21, 2018) (staying discovery pending ruling on a *forum non conveniens* motion); *Textile USA, Inc. v. Diageo N. Amer., Inc.*, No. 15-24309-CIV-WILLIAMS, 2016 WL 11317301 (S.D. Fla. June 8, 2016), *2 (staying discovery pending rulings on motions to dismiss based on the *forum non conveniens* doctrine and other 12(b)(6) bases); *Von Spee v. Von Spee*, No. 3:05-cv-1488, 2007 WL 1455848, at *4 (D. Conn. May 16, 2007) (limiting discovery to requests that pertain to access to proof, the location and availability of witness and documentary evidence, and what language the documentary evidence was in); *Vivendi v. T-Mobile USA, Inc.*, No. C06-1524JLR, 2007 WL 1168819, *2 (W.D. Wash. Apr. 18, 2007) (limiting discovery to the question of *forum non conveniens*); *Beebe v. Housa Tonic R.R. Co.*, Inc., No. 05-cv-0021, 2005 WL 1173974, *3 (N.D.N.Y. May 12, 2005) (limiting discovery to facts relevant to the *forum non conveniens* determination, such as access to proof and the location and availability of witnesses).

This Court and others routinely enter orders limiting the scope of initial discovery in cases involving aircraft accidents outside of the United States, most recently in the MDL litigation over the disappearance of MH370 over the Indian Ocean. *See* July 21, 2016 Order in *In re Air Crash over the Southern Indian Ocean, on Mar. 8, 2014*, No. 1:16-cv-00053-KBJ, Dkt. 14 (D.D.C.) (limiting discovery to threshold motions, including *forum non conveniens*); *see also* Jan. 22, 2007 Order in *Vivas v. Boeing*, Case No. 06-C-3566 (N.D. Ill.) (finding that *forum non conveniens* discovery should be "narrowly focused" and "not call for detailed development of the entire case") (internal citations omitted); Aug. 23, 2006 & Sept. 27, 2006 Orders in *In re Air Crash Disaster Near Athens, Greece on Aug. 14, 2005,* No. 06 C 3439 MDL No. 1773 (N.D. Ill.) (staying discovery in air crash litigation except for the limited purpose relating to *forum non conveniens*).[4]

Boeing's request that this Court limit the first phase of discovery to *forum non conveniens* issues would result in no prejudice to Plaintiffs at this early stage in the litigation, and Plaintiffs will be entitled to appropriate merits discovery in the future if Boeing's motion to dismiss is denied. *See Cheng*, 708 F. 2d at 1412 (holding that denial of plaintiffs' request for discovery while *forum non conveniens* motion was pending did not prejudice plaintiffs and was not an abuse of discretion).[5] Moreover, if Boeing's motion to dismiss is granted, Boeing will agree as a condition of the dismissal to make available in an appropriate Indonesian proceeding any documents, witnesses, or other evidence that the Indonesian court deems relevant to the resolution of any issue before it. *See* Larson Decl., ¶ 11. Furthermore, even if merits discovery were to proceed now, it would be sharply limited. International treaty provisions and federal law strictly restrict the information that Boeing can provide in discovery during the ongoing NTSC-KNKT accident investigation. *See* Larson Decl., ¶ 13 & Exh. C, Annex 13 of the Convention on

---

[4] Copies of these orders are attached as Exhibit B to the Declaration of Bates McIntyre Larson.

[5] *See also, e.g., Textile USA,* 2016 WL 1131730, *1 (finding that, during pendency of *forum non conveniens* motion, a "brief stay in discovery would not prejudice Plaintiff," noting that "[s]hould the case proceed beyond resolution of the motions to dismiss, both Parties will have ample opportunity to conduct discovery"); *Niv v. Hilton Hotels Corp.*, No. 06 CIV 7839 (PKL), 2007 WL 510113, at *2 (S.D.N.Y. Feb. 15, 2007) (explaining that order limiting discovery to *forum non conveniens* issue during the pendency of motion to dismiss would not result in prejudice to plaintiffs).

International Civil Aviation ("Annex 13") § 5.26 (providing that Boeing "shall not divulge information on the progress and the findings of the investigation without [Indonesia's] express consent"); 49 C.F.R. § 831.13 (prohibiting Boeing from releasing information concerning the accident or the investigation to any person not a party to the NTSC-KNKT investigation without prior consultation and approval of the NTSB).

**B.      The First Phase of Initial Disclosures Should Be Limited to Issues Relating to *Forum Non Conveniens*.**

As part of an order phasing discovery and limiting preliminary discovery to the *forum non conveniens* issue, Boeing also requests that this Court relieve it of the requirements to provide the full initial disclosures under the Mandatory Initial Discovery Pilot ("MIDP") program. The MIDP provides for expedited and expanded initial disclosures related to all parties' claims and defenses.[6] The scope of these disclosures would far exceed the limited first phase of discovery routinely ordered by courts relating to a *forum non conveniens* motion and would also be substantively limited by Boeing's obligations under Annex 13 and NTSB regulations. *See supra* pages 9-10.

Such a limitation on the scope of initial disclosures would be fully consistent with the principles underlying the MIDP program. As this District recently recognized, the requirement of expedited initial disclosures is inappropriate in certain situations involving threshold dispositive issues, including those relating to the courts' jurisdiction and venue. Accordingly, an Amendment to the MIDP program, which became effective on December 1, 2018, provides that the clock for MIDP initial disclosures is not triggered when a party moves to dismiss under Federal Rule of Civil Procedure 12. The District acknowledged that this change was implemented because the prior requirements of the MIDP "imposed unnecessary costs on parties

---

[6] *See* Standing Order in MIDP Cases, ¶¶ A(2), A(4), B, C, available at https://www.ilnd.uscourts.gov/_assets/_documents/MIDP%20Standing%20Order.pdf; *see also* Standing Order in MIDP Cases (effective Dec. 1, 2018), available at https://www.ilnd.uscourts.gov/_assets/_documents/MIDP%20Standing%20Order%20Dec0118.pdf.

who ultimately succeed on Rule 12 motions."[7] While the Amendment only expressly applies to Rule 12 motions, the same principles apply to a motion to dismiss for *forum non conveniens*, which is a dispositive motion that, like a motion based on jurisdiction or venue motion, seeks to dismiss the case at the outset of the litigation. Requiring substantive disclosures while a *forum non conveniens* motion is pending would run counter to the fundamental policies of judicial economy and fairness underlying the MIDP.

Moreover, nothing about the MIDP program alters the district court's inherent authority and discretion to control discovery to promote judicial efficiency and fairness. The court retains authority to remove a case from the MIDP program and to appropriately phase discovery. *See, e.g., Resnick v. Schwartz*, No. 17 C 04944, 2018 WL 4191525, *7, 7 n. 11 (N.D. Ill. Sept. 3, 2018) (removing a case alleging violations of the Employee Retirement Income Security Act from the MIDP program in light of the parties' focus on the fraudulent concealment exception of the applicable statute of limitations, establishing phases of discovery, and limiting initial discovery to the exception at issue). Where, as here, the resolution of Boeing's *forum non conveniens* motion may dispose of this entire action, and all other U.S. cases arising from Lion Air Flight JT 610, there is more than good cause to stay merits discovery and initial disclosures. *See Helping Hand Caregivers*, 900 F.3d at 891; *Geiger*, 845 F.3d at 365; *In re Sulfuric Acid*, 231 F.R.D. at 336-37.

\*     \*     \*

---

[7] *See* "MIDP Changes Effective Dec. 1, 2018," available at
https://www.ilnd.uscourts.gov/_assets/_documents/MIDP%20Changes%20Effective%2012-1-18.pdf (last visited Dec. 22, 2018) ("[T]he MIDP will be amended to provide that answers are due under the time periods established by Rule 12(a). Rule 12(a)(4) provides that answers need not be filed while a Rule 12 motion is pending. As a result, answers no longer will be required -- and the MIDP response period will not be triggered -- while a motion is pending under Rule 12(b)(6) or any other provision of Rule 12.").

## IV.     CONCLUSION

Boeing therefore respectfully requests that the Court enter an order sequencing discovery and limiting the first phase of discovery, including initial disclosures, to *forum non conveniens* issues until Boeing's forthcoming motion to dismiss is resolved.


DATED:  December 27, 2018                    Respectfully Submitted,

                                             **THE BOEING COMPANY**


                                             By: /s/ Bates McIntyre Larson
                                                 *One of its Attorneys*


Bates McIntyre Larson
BLarson@perkinscoie.com
Daniel T. Burley
DBurley@perkinscoie.com
**Perkins Coie LLP**
131 S. Dearborn, Suite 1700
Chicago, Illinois 60603-5559
Phone: (312) 324-8400
Fax: (312) 324-9400

Mack H. Shultz
MShultz@perkinscoie.com
Gretchen M. Paine
GPaine@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

## CERTIFICATE OF SERVICE

I, Bates McIntyre Larson, certify that on December 27, 2018, I electronically filed the foregoing **DEFENDANT THE BOEING COMPANY'S MOTION TO SEQUENCE DISCOVERY** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to attorneys of record:

       Floyd A. Wisner
       faw@wisner-law.com
       WISNER LAW FIRM, P.C.
       514 W. State Street Suite 2000
       Geneva, Illinois 60134
       (630) 262-9434

       Counsel for Plaintiffs in
       Case No. 18-cv-07686

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 27th day of December, 2018.

        /s/  Bates McIntyre Larson
       PERKINS COIE LLP
       131 South Dearborn Street, Suite No. 1700
       Chicago, Illinois 60603-5559
       Tel: (312) 324-8400
       Fax: (312) 324-9400

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BAYU SAPUTRA, Personal Representative of the Heirs of CANDRA KIRANA, deceased, MARSUDI, Personal Representative of the Heirs of CICI ARISKA, deceased, SUTARIYO, Personal Representative of the Heirs of ASEP SARIFUDIN, deceased,<br><br>    Plaintiffs,<br><br> v.<br><br>THE BOEING COMPANY, a corporation,<br><br>    Defendant. | No. 1:18-cv-07686 |

**DECLARATION OF BATES MCINTYRE LARSON IN SUPPORT OF
BOEING'S MOTION TO SEQUENCE DISCOVERY**

I, Bates McIntyre Larson, declare as follows:

1.      I am a partner in the law firm Perkins Coie LLP, counsel for The Boeing Company ("Boeing") in the above-captioned action, and all related wrongful death actions, arising from the crash of Lion Air Flight JT 610 on October 29, 2018.  This declaration is offered in support of Boeing's Motion to Sequence Discovery.  I base this declaration on my personal knowledge and on information collected by Boeing employees.  I am competent to testify to my statements in this declaration and would testify about my statements if called upon to do so.

2.      Boeing waived service of process of the complaint in the above-captioned action, titled *Bayu Saputra, et al., v. The Boeing Company*, Case No. 1:18-cv-07686, (the "*Saputra* action") on December 21, 2018.

3.      I filed an appearance on behalf of Boeing in the *Saputra* action on December 26, 2018.

4.      On December 26, 2018, Boeing moved, under Local Rule 40.4, to have the *Saputra* action deemed related to *Satijo v. The Boeing Company*, Case No. 1:18-cv-08006 (the "*Satijo* action"), a later-filed lawsuit filed in this District on December 5, 2018.

5.      In addition to the *Saputra* action and the *Satijo* action, Boeing is currently aware of 22 other lawsuits filed on behalf of passengers of Lion Air Flight JT 610, all of which were filed in the Circuit Court of Cook County, Illinois.  Those lawsuits are listed in **Exhibit A**, attached hereto.

6.      Boeing was served with the complaints in two cases filed in the Circuit Court of Cook County, Illinois: *Dayinta Dyah Anggana v. The Boeing Company*, Circuit Ct. of Cook Cnty., Case No. 2018L012613; *Helda Aprilia v. The Boeing Company*, Circuit Ct. of Cook Cnty., Case No. 2018L01264.  Boeing will timely remove both cases to federal court, based on the Multiparty, Multiforum Trial Jurisdiction Act of 2002 (28 U.S.C. ¶ 1369) and admiralty jurisdiction (28 U.S.C. ¶ 1333(1)).

7.      Boeing has not been served with the complaints in the remaining 20 cases filed in the Circuit Court of Cook County, Illinois, but Boeing is agreeing to accept service and will timely remove each case to federal court.

8.      Upon information and belief, in all wrongful death cases filed against Boeing related to the crash of Lion Air Flight JT 610, all decedents identified are residents of Indonesia.

9.      Upon information and belief, 187 of the 189 individuals on board Lion Air Flight JT 610 were residents of Indonesia, one of the pilots was a resident of India, and one passenger was a resident of Italy.  There were no U.S. citizens on board.

10.     Plaintiffs' counsel in the above-captioned case, Floyd Wisner, has indicated that he will not object to limiting initial discovery to forum non conveniens issues after all related Illinois state court cases are removed to federal court and assigned to this Court.

11.     As soon as practicable, Boeing will move to dismiss the above-captioned case, and all related cases arising from the crash of Lion Air Flight JT 610, for *forum non conveniens*.  As a condition to a *forum non conveniens* dismissal, Boeing will agree to submit to personal jurisdiction in Indonesia in an action refiled by the plaintiffs and to make available any

-2-

documents, witnesses, or other evidence that the Indonesian court deems relevant to the resolution of any issue before it.

12.     Attached as **Exhibit B** to this declaration are true and correct copies of the following orders:

(a)     July 21, 2016 Order in *In re Air Crash over the Southern Indian Ocean, on Mar. 8, 2014*, No. 1:16-cv-00053-KBJ, Dkt. 14 (D.D.C.)

(b)     Jan. 22, 2007 Order in *Vivas v. Boeing*, Case No. 06-C-3566 (N.D. Ill.)

(c)     Aug. 23, 2006 and Sept. 27, 2006 Orders in *In re Air Crash Disaster Near Athens, Greece on Aug. 14, 2005*, No. 06 C 3439 MDL No. 1773 (N.D. Ill.)

13.     Attached as **Exhibit C** to this declaration is a true and correct copy of Annex 13 of the Convention on International Civil Aviation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 27, 2018.

Respectfully submitted,


/s/ Bates McIntyre Larson
Bates McIntyre Larson

-3-

# Exhibit A

**Lion Air Flight JT 610 Cases Filed in the Circuit Court of Cook County, Illinois**

1. ABDUL RAHMAN, individually, and as Special Administrator of the Estate of RIYAN ARYANDI, Deceased, v. The Boeing Company; Circuit Court of Cook County Case No. 2108L013297 (filed 12/11/2018).

2. ANDY FHILDYNA, individually, and as Special Administrator of the Estate of KARMIN, Deceased, v. The Boeing Company; Circuit Court of Cook County Case No. 2018L013305 (filed 12/11/2018).

3. BUDI SANTOSA, individually, and as Special Administrator of the Estate of YULIA SILVIANTI, Deceased, v. The Boeing Company; Circuit Court of Cook County Case No. 2018L013325 (filed 12/11/2018).

4. DAYINTA DYAH ANGGANA, Administrator of the Estate of NURUL DYAH AYU SITHARESMI, Deceased, v. The Boeing Company; Circuit Court of Cook County Case No. 2018L012613 (filed 11//21/2018).

5. DONY SUHARDJA WIJAYA and RUSMAN ISHAK, individually, and as Co-Special Administrators of the Estates of DANIEL SUHARDJA WIJAYA, Deceased, RESTIA AM:ELIA, Deceased, RADHIKA WIJAYA, Deceased, and RAFEZHA WIJAYA, ) Deceased, v. The Boeing Company; Circuit Court of Cook County Case No. 2018L013321 (filed 12/11/2018).

6. DONY WIJAYA, individually, and as Special Administrator of the Estate of INAYA FATWA KURNIA DEWI, v. The Boeing Company; Circuit Court of Cook County Case Deceased No. 2018L013333 (filed 12/11/2018).

7. EDWIN, individually, and as Special Administrator of the Estate of SHELLA, Deceased, v. The Boeing Company; Circuit Court of Cook County Case No. 2018L013324 (filed 12/11/2018).

8. ELLISA, individually, and as Special Administrator of the Estates of KASAN, Deceased, and MIE NIE, Deceased, v. The Boeing Company; Circuit Court of Cook County Case No. 2018L013328 (filed 12/11/2018).

9. ETMIDALTI, individually, and as Special Administrator of the Estate of SHINTIA MELINA, Deceased, v. The Boeing Company; Circuit Court of Cook County Case No. 2018L013322 (filed 12/11/2018).

10. FERRY PRANATA, individually, and as Special Administrator of the Estate of NJAT NGO, Deceased, v. The Boeing Company; Circuit Court of Cook County Case No. 2018L013331 (filed 12/11/2018).

11. H. IRIANTO, individually, and as Special Administrator of the Estate of Dr. Rio Nanda Pratama, Deceased. v. The Boeing Company; Circuit Court of Cook County Case No. 2018L012384 (filed 11/14/2018.

12. HELDA APRILIA, Administrator of the Estate of DR. IBNU F AJARIY ADI HANTORO, Deceased, v. The Boeing Company; Circuit Court of Cook County Case No. 2018L012614 (filed 11/21/2018).

13. LEVINA NATASCHA SUBEKTI, individually, and as Special Administrator of the Estate of RUDOLF PETROUS SAYERS, Deceased, v. The Boeing Company; Circuit Court of Cook County Case No. 2018L013296 (filed 12/11/2018).

14. MYRNA JULIASARI, ST, as Special Administrator of the Estate of SEKAR MAULANA, SIK, Deceased, v. The Boeing Company; Circuit Court of Cook County Case No. 2018L012788 (filed 11/28/2018).

15. NINGSI, individually, and as Special Administrator of the Estate of PAUL FERDINAND AYORBABA, Deceased, v. The Boeing Company; Circuit Court of Cook County Case No. 2018L013298 (filed 12/11/2018).

16. RATNA SARI DEWI and RISMAYANTI, individually, and as Co-Special Administrators of the Estate of SAHABUDIN, Deceased, v. The Boeing Company; Circuit Court of Cook County Case No. 2018L013330 (filed 12/11/2018).

17. RISTUTI, individually, and as Special Administrator of the Estate of SYAHRUDIN, Deceased, v. The Boeing Company; Circuit Court of Cook County Case No. 2018L013332 (filed 12/11/2018).

18. SRI SUBEKTI, individually, and as Special Administrator of the Estate of MAHHERU, Deceased, v. The Boeing Company; Circuit Court of Cook County Case No. 2018L013293 (filed 12/11/18).

19. SUSAN E. GITELSON, Special Administrator of the Estate of SUDIBYO ONGGOWARDOYO, Deceased v. The Boeing Company; Circuit Court of Cook County Case No. 2018L013820 (filed 12/24/2018).

20. TRI INDRA SETIAWAN, individually, and as Special Administrator of the Estate of RANGGA ADI PRANA, Deceased, v. The Boeing Company; Circuit Court of Cook County Case No. 2018L013327 (filed 12/11/2018).

21. TUTI CHAERANI, individually, and as Special Administrator of the Estate of IRVAN NOORVIANTORO, Deceased, v. The Boeing Company; Circuit Court of Cook County Case No. 2018L013326 (filed 12/11/2018)

22. WELLY CHANDRA, individually, and as Special Administrator of the Estate of LIU CHANDRA, Deceased, v. The Boeing Company; Circuit Court of Cook County Case No. 2018L013294 (filed 12/11.2018).

# Exhibit B

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: AIR CRASH OVER THE SOUTHERN INDIAN OCEAN, ON MARCH 8, 2014 <br><br> _____ <br><br> This Document Relates To: <br><br> ALL CASES | MDL Docket No. 2712 <br> Misc. No. 16-1184 (KBJ) |

## SCHEDULING ORDER

The parties appeared before this Court on July 19, 2016, for a scheduling conference. Upon consideration of the representations made during the conference and in the parties' joint report submitted pursuant to the Court's Initial Practice and Procedure Order (ECF No. 3), it is hereby **ORDERED** that:

1. <u>Amendment of Pleadings</u>: Motions to amend any complaint, including motions to file a consolidated complaint, are due on or before **August 19, 2016.**

2. <u>Scope of Initial Proceedings</u>: Initial discovery and dispositive briefing in this matter shall be limited to the following topics ("Threshold Issues"):

    a) *Forum non conveniens*;

    b) Jurisdiction under the Foreign Sovereign Immunities Act, 28 U.S.C.§§ 1330, 1391(f), 1602–1611;

    c) Jurisdiction under the Montreal Convention;

    d) Personal jurisdiction;

    e) Plaintiffs' capacity to bring suit; and

    f) Whether plaintiffs have stated any claim against Allianz Global Corporate and Specialty SE and Henning Haagen.

3.    <u>Initial Dispositive Motions</u>:  The following briefing schedule shall govern the filing of dispositive motions relating solely to the Threshold Issues.  Defendants' motions are due on or before **October 1, 2016**; Plaintiffs' oppositions are due on or before **January 19, 2017**; and Defendants' replies are due on or before **March 6, 2017**.  As discussed at the scheduling conference, the parties shall coordinate themselves and, to the greatest extent possible, shall attempt to file joint motions and responses.  No other obligations arising under the Federal Rules of Civil Procedure or the Local Rules of this Court are due until further order of this Court.

4.    <u>Discovery Timeframe And Process, Responses, And Objections</u>.

a)    <u>Timeline</u>.  The parties shall make Rule 26(a)(1) Initial Disclosures, limited to the Threshold Issues, on or before **August 18, 2016**.  All other discovery on the Threshold Issues shall be completed within the timeframe for briefing set forth in Paragraph 3 above.

b)    <u>Process</u>.  Any discovery conducted regarding the Threshold Issues shall be governed by Rules 26, 30, 33, 34 and 36 of the Federal Rules of Civil Procedure, including the time limits therein.  Discovery material shall not be filed with the Court unless so ordered.  *See* LCvR 5.2(a).

c)    <u>Responses and Objections</u>.  Per the Federal Rules, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  Fed. R. Civ. P. 33(b)(3).  Any objections to interrogatories and requests for production must be stated with specificity.  Fed. R. Civ. P. 33(b)(4), 34(b)(2)(B).  An objection to a request for production of documents "must state whether any responsive materials are being withheld on

2

the basis of that objection[,]" Fed. R. Civ. P. 34(b)(2)(C), and if the objection is only to part of a production request, the objection "must specify the part [objected to] and permit inspection of the rest[,]" *id.*

5. Counsel are referred to LCvR 26.2 and expected to conform fully with its directives. Moreover, under LCvR 7(m), counsel must confer in good faith if discovery disputes arise and are hereby ordered to attempt to resolve any discovery dispute before bringing it to the Court's attention. In the event that counsel are not able to resolve a discovery dispute, counsel shall jointly call chambers (202-354-3350) to arrange for a telephone conference with the Court. Counsel shall not file any discovery-related motion without a prior telephone conference with the Court and opposing counsel.

6. Counsel are expected to comply fully with the directives in this Court's Initial Practice and Procedure Order and the Appendix thereto (ECF No. 3, filed June 14, 2016), and should take particular note of the Court's requirements for courtesy copies, Tables of Contents, Tables of Authority, indices of exhibits, and motions for extensions of time. (Appendix ¶¶ 3(d), 5(a), 5(b)). Any submissions that do not conform with the Appendix to the Court's Initial Practice and Procedure Order will not be accepted.

7. Paragraph 6 of the Court's Initial Practice and Procedure Order is hereby amended to permit more than one attorney, but not more than four attorneys, to enter an appearance for each party.

8. The parties and their counsel are expected to evaluate their respective cases for settlement purposes. Submission to alternative dispute resolution, *e.g.*, mediation or neutral evaluation, is encouraged and available upon request to the Court

at any time, as is a settlement conference before a Magistrate Judge. If any case settles in whole or in part, the plaintiff in the settled matter shall promptly notify the Court.

    9.    The parties' communications with the Court shall be in writing and only by written motion, opposition, and reply; not by letter. Oral inquiries concerning the status or scheduling of any pending matter are disfavored. If a party nevertheless needs to make such an oral inquiry, such questions should be directed to the Courtroom Deputy Clerk, Ms. Gwen Franklin (202-354-3145) rather than to chambers. If Ms. Franklin is unavailable, such inquiries should be directed to the staff person in the clerk's office who has been designated as her substitute. In an emergency, however, chambers can be reached at 202-354-3350.

    10.    This schedule shall not be modified, even where all parties consent, except upon a showing of good cause and by leave of the Court. *See* Fed. R. Civ. P. 16(b); LCvR 16.4.

Date:  July 21, 2016               *Ketanji Brown Jackson*
                                        KETANJI BROWN JACKSON
                                        United States District Judge

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 3566 | **DATE** | 1/22/2007 |
| **CASE TITLE** | | Vivas vs. The Boeing Company | |

**DOCKET ENTRY TEXT**

Defendant Boeing's oral motion to limit discovery to forum non conveniens issues is granted. All discovery in this case is now stayed except for requests that are narrowly tailored to the issue of forum non conveniens. If the currently pending motions to remand are resolved in defendants' favor, the court will set a briefing schedule for motions to dismiss.

■ [ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

On December 12, 2006, Boeing made an oral motion to stay merits discovery in this consolidated case and to limit initial discovery to forum non conveniens issues. The court gave the parties leave to submit letters with case citations supporting their respective positions. Boeing submitted such a letter on January 12, 2007, including eleven citations. The court has not received anything from plaintiffs.

Boeing's position is strongly supported by the cases that it cites as well as by research that the court has conducted. *See, e.g., In re Bridgestone/Firestone, Inc.*, 131 F. Supp. 2d 1027, 1030 (S.D. Ind. 2001) (holding that some discovery on facts relevant to forum non conveniens motions may be appropriate, but that discovery should not proceed uncontrolled and should be limited by the court); *Norex Petroleum Ltd.* v. *Access Indus., Inc.*, 2003 WL 1484269 (S.D.N.Y. March 21, 2003) (same); *Base Metal Trading, S.A.* v. *Aluminum*, 2002 WL 987257, at *3 (S.D.N.Y. May 14, 2002) (citations omitted) ("It is settled law that sparring concerning preliminary issues should not be permitted to degenerate into a full-blown trial on the merits. Accordingly, discovery concerning such issues as forum non conveniens and the need for comity should be narrowly focused and 'not call for detailed development of the entire case.'").

Without expressing any opinion on the merits of Boeing's anticipated motion to dismiss, the court notes that there is precedent for dismissing tort cases involving plane crashes that occurred abroad on forum non conveniens grounds. *See Piper Aircraft Co.* v. *Reyno*, 454 U.S. 235, 102 S. Ct. 252, 70 L. Ed. 2d 419 (1981). Therefore, staying merits discovery here pending resolution of that issue is prudent.

Case 1:06-cv-03439 Document #: 143 Filed: 07/25/06 Page 30 of 45 PageID #:36166

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 2.5**
**Eastern Division**

"Air Crash New Athens, Greece on August 14,
2005"

|  |  |
|---|---|
|  | Plaintiff, |

v.                                                                    Case No.:
                                                                      1:06–cv–03439

                                                                      Honorable George
                                                                      W. Lindberg

The Boeing Company

                                                Defendant.

---

# NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, August 23, 2006:

  MINUTE entry before Judge George W. Lindberg :Status hearing held on
8/23/2006 and continued to 9/27/2006 at 11:00a.m. Discovery is open for the limited
purpose relating to forum non conveniens.Mailed notice(slb, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of
Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was
generated by CM/ECF, the automated docketing system used to maintain the civil and
criminal dockets of this District. If a minute order or other document is enclosed, please
refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our
web site at *www.ilnd.uscourts.gov*.

Case 1:11-cv-00863-DC Document #: 123 Filed: 09/27/06 Page 31 of 45 PageID #:677

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 3439 | **DATE** | 9/27/2006 |
| **CASE TITLE** | In Re: Air Crash Near Athens, Greece on August 14, 2005 | | |

**DOCKET ENTRY TEXT**

Status hearing held on 9/27/06 and continued to 11/8/06 at 10:00 a.m. Master complaint due by 10/13/06. All written discovery on the forum non conveniens issue shall be served by 10/4/06. Defendant's motion to dismiss on forum non conveniens grounds is due 11/1/06. Plaintiffs' joint response is due 12/1/06. Defendant's reply is due 1/2/07. Defendant is granted leave to file a supporting brief of up to 20 pages; plaintiffs are granted leave to file a joint response of up to 20 pages. Defendant's reply is limited to 10 pages. Ruling set for 2/7/07 at 10:00 a.m. The parties are reminded that discovery is limited to the forum non conveniens issue only. Discovery disputes relating to whether information falls within the scope of discovery should be raised before Magistrate Judge Mason; all other disputes, including disputes relating to the timing of discovery, must be raised before Judge Lindberg.

Docketing to mail notices.

| | Courtroom Deputy Initials: | |
|---|---|---|

# Exhibit C



| ICAO

International Standards
and Recommended Practices

# Annex 13 to the Convention on International Civil Aviation

# Aircraft Accident and Incident Investigation

## Eleventh Edition, July 2016

PERKINS COIE

OCT 16 2017

LAW LIBRARY

This edition supersedes, on 10 November 2016, all previous editions of Annex 13.

For information regarding the applicability of the Standards and Recommended Practices, see Chapter 2 and the Foreword.

# INTERNATIONAL CIVIL AVIATION ORGANIZATION

Published in separate English, Arabic, Chinese, French, Russian
and Spanish editions by the
INTERNATIONAL CIVIL AVIATION ORGANIZATION
999 Robert-Bourassa Boulevard, Montréal, Quebec, Canada H3C 5H7

For ordering information and for a complete listing of sales agents
and booksellers, please go to the ICAO website at www.icao.int

*First edition 1951*
*Tenth edition 2010*
*Eleventh edition 2016*

***Annex 13 — Aircraft Accident and Incident Investigation***
Order Number: AN 13
ISBN 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-968-6

© ICAO 2016

All rights reserved. No part of this publication may be reproduced, stored in a
retrieval system or transmitted in any form or by any means, without prior
permission in writing from the International Civil Aviation Organization.

# CHAPTER 5.   INVESTIGATION

### RESPONSIBILITY FOR INSTITUTING AND
### CONDUCTING THE INVESTIGATION

## ACCIDENTS OR INCIDENTS IN THE TERRITORY
## OF A CONTRACTING STATE

*State of Occurrence*

5.1   The State of Occurrence shall institute an investigation into the circumstances of the accident and be responsible for the conduct of the investigation, but it may delegate the whole or any part of the conducting of such investigation to another State or a regional accident and incident investigation organization (RAIO) by mutual arrangement and consent. In any event, the State of Occurrence shall use every means to facilitate the investigation.

5.1.1   **Recommendation.—** *The State of Occurrence should institute an investigation into the circumstances of a serious incident. Such a State may delegate the whole or any part of the conducting of such investigation to another State or a regional accident and incident investigation organization by mutual arrangement and consent. In any event the State of Occurrence should use every means to facilitate the investigation.*

5.1.2   The State of Occurrence shall institute an investigation into the circumstances of a serious incident when the aircraft is of a maximum mass of over 2 250 kg. Such a State may delegate the whole or any part of the conducting of such investigation to another State or a regional accident and incident investigation organization by mutual arrangement and consent. In any event the State of Occurrence shall use every means to facilitate the investigation.

*Note 1.— The investigation of a serious incident does not exclude other already existing types of investigation of incidents (serious or not) by other organizations.*

*Note 2.— When the whole investigation is delegated to another State or a regional accident and incident investigation organization, such a State is expected to be responsible for the conduct of the investigation, including the issuance of the Final Report and the ADREP reporting. When a part of the investigation is delegated, the State of Occurrence usually retains the responsibility for the conduct of the investigation.*

*Note 3.— In the case of investigation of an unmanned aircraft system, only aircraft with a design and/or operational approval are to be considered.*

*Note 4.— In the case of serious incidents, the State of Occurrence may consider delegating the investigation to the State of Registry or the State of the Operator, in particular those involving occurrences in which it might be beneficial or more practical for one of these States to conduct the investigation.*

*Note 5.— Guidance related to the establishment and management of an RAIO is contained in the* Manual on Regional Accident and Incident Investigation Organization *(Doc 9946).*

ACCIDENTS OR INCIDENTS IN THE TERRITORY
OF A NON-CONTRACTING STATE

*State of Registry*

5.2   **Recommendation.—** *When the accident or the serious incident has occurred in the territory of a non-Contracting State which does not intend to conduct an investigation in accordance with Annex 13, the State of Registry or, failing that, the State of the Operator, the State of Design or the State of Manufacture should endeavour to institute and conduct an investigation in cooperation with the State of Occurrence but, failing such cooperation, should itself conduct an investigation with such information as is available.*

ACCIDENTS OR INCIDENTS
OUTSIDE THE TERRITORY OF ANY STATE

*State of Registry*

5.3   When the location of the accident or the serious incident cannot definitely be established as being in the territory of any State, the State of Registry shall institute and conduct any necessary investigation of the accident or serious incident. However, it may delegate the whole or any part of the investigation to another State by mutual arrangement and consent.

5.3.1   States nearest the scene of an accident in international waters shall provide such assistance as they are able and shall, likewise, respond to requests by the State of Registry.

5.3.2   **Recommendation.—** *If the State of Registry is a non-Contracting State which does not intend to conduct an investigation in accordance with Annex 13, the State of the Operator or, failing that, the State of Design or the State of Manufacture should endeavour to institute and conduct an investigation. However, such a State may delegate the whole or any part of the investigation to another State by mutual arrangement and consent.*

**ORGANIZATION AND CONDUCT
OF THE INVESTIGATION**

*Note.— The* Manual of Aircraft Accident and Incident Investigation *(Doc 9756) contains guidance material for the organization, conduct and control of an investigation.*

RESPONSIBILITY OF THE STATE
CONDUCTING THE INVESTIGATION

*Note.— Nothing in the following provisions is intended to preclude the State conducting the investigation from calling upon the best technical expertise from any source.*

*General*

5.4   The accident investigation authority shall have independence in the conduct of the investigation and have unrestricted authority over its conduct, consistent with the provisions of this Annex. The investigation shall normally include:

a)   the gathering, recording and analysis of all relevant information on that accident or incident;

b)   the protection of certain accident and incident investigation records in accordance with 5.12;

c)   if appropriate, the issuance of safety recommendations;

d)   if possible, the determination of the causes and/or contributing factors; and

e)   the completion of the Final Report.

Where feasible, the scene of the accident shall be visited, the wreckage examined and statements taken from witnesses. The extent of the investigation and the procedure to be followed in carrying out such an investigation shall be determined by the accident investigation authority, depending on the lessons it expects to draw from the investigation for the improvement of safety.

5.4.1   Any investigation conducted in accordance with the provisions of this Annex shall be separate from any judicial or administrative proceedings to apportion blame or liability.

*Note.— Separation can be achieved by the investigation being conducted by State accident investigation authority experts, and any judicial or administrative proceedings being conducted by other appropriate experts. Coordination, as per 5.10, between the two processes would likely be required at the accident site and in the gathering of factual information, with due consideration to the provisions in 5.12.*

5.4.2   **Recommendation.—** *The accident investigation authority should develop documented policies and procedures detailing its accident investigation duties. These should include: organization and planning; investigation; and reporting.*

*Note.— Guidance related to policies and procedures for investigations is provided in the* Manual on Accident and Incident Investigation Policies and Procedures *(Doc 9962).*

5.4.3   **Recommendation.—** *A State should ensure that any investigations conducted under the provisions of this Annex have unrestricted access to all evidential material without delay.*

5.4.4   **Recommendation.—** *A State should ensure cooperation between its accident investigation authority and judicial authorities so that an investigation is not impeded by administrative or judicial investigations or proceedings.*

*Note.— Cooperation may be achieved by legislation, protocols, agreements or other arrangements, and may cover the following subjects: access to the site of the accident; preservation of and access to evidence; initial and ongoing debriefings of the status of each process; exchange of information; appropriate use of safety information; and resolution of conflicts.*

*Investigator-in-charge — Designation*

5.5   The State conducting the investigation shall designate the investigator-in-charge of the investigation and shall initiate the investigation immediately.

*Investigator-in-charge — Access and control*

5.6   The investigator-in-charge shall have unhampered access to the wreckage and all relevant material, including flight recorders and ATS records, and shall have unrestricted control over it to ensure that a detailed examination can be made without delay by authorized personnel participating in the investigation.

Case 1:18-cv-07686 Document #: 143 Filed: 02/27/19 Page 38 of 45 PageID #:794

### Flight recorders — Accidents and incidents

5.7    Effective use shall be made of flight recorders in the investigation of an accident or an incident. The State conducting the investigation shall arrange for the read-out of the flight recorders without delay.

5.8    **Recommendation.—** *In the event that the State conducting the investigation of an accident or an incident does not have adequate facilities to read out the flight recorders, it should use the facilities made available to it by other States, giving consideration to the following:*

    *a)   the capabilities of the read-out facility;*

    *b)   the timeliness of the read-out; and*

    *c)   the location of the read-out facility.*

*Note.—* The requirements for the recording of radar data and ATS communications are contained in *Annex 11* — Air Traffic Services, *Chapter 6.*

### Autopsy examinations

5.9    The State conducting the investigation into a fatal accident shall arrange for complete autopsy examination of fatally injured flight crew and, subject to the particular circumstances, of fatally injured passengers and cabin attendants, by a pathologist, preferably experienced in accident investigation. These examinations shall be expeditious and complete.

*Note.—* *Guidance material related to autopsies is provided in detail in the* Manual of Civil Aviation Medicine *(Doc 8984) and the* Manual of Aircraft Accident and Incident Investigation *(Doc 9756), the former containing detailed guidance on toxicological testing.*

### Medical examinations

5.9.1    **Recommendation.—** *When appropriate, the State conducting the investigation should arrange for medical examination of the crew, passengers and involved aviation personnel, by a physician, preferably experienced in accident investigation. These examinations should be expeditious.*

*Note 1.—* *Such examinations may also determine whether the level of physical and psychological fitness of flight crew and other personnel directly involved in the occurrence is sufficient for them to contribute to the investigation.*

*Note 2.—* *The* Manual of Civil Aviation Medicine *(Doc 8984) contains guidance on medical examinations.*

### Coordination — Judicial authorities

5.10    The State conducting the investigation shall recognize the need for coordination between the investigator-in-charge and the judicial authorities. Particular attention shall be given to evidence which requires prompt recording and analysis for the investigation to be successful, such as the examination and identification of victims and read-outs of flight recorder recordings.

*Note 1.—* *The responsibility of the State of Occurrence for such coordination is set out in 5.1.*

*Note 2.—* *Possible conflicts between investigating and judicial authorities regarding the custody of flight recorders and their recordings may be resolved by an official of the judicial authority carrying the recordings to the place of read-out, thus maintaining custody.*

*Note 3.— Possible conflicts between investigating and judicial authorities regarding the custody of the wreckage may be resolved by an official of the judicial authority accompanying the wreckage to the place of examination and being present at such examination when a modification of the condition of the wreckage is required, thus maintaining custody.*

### *Informing aviation security authorities*

5.11    If, in the course of an investigation it becomes known, or it is suspected, that an act of unlawful interference was involved, the investigator-in-charge shall immediately initiate action to ensure that the aviation security authorities of the State(s) concerned are so informed.

### *Protection of accident and incident investigation records*

5.12    The State conducting the investigation of an accident or incident shall not make the following records available for purposes other than accident or incident investigation, unless the competent authority designated by that State determines, in accordance with national laws and subject to Appendix 2 and 5.12.5, that their disclosure or use outweighs the likely adverse domestic and international impact such action may have on that or any future investigations:

a)    cockpit voice recordings and airborne image recordings and any transcripts from such recordings; and

b)    records in the custody or control of the accident investigation authority being:

    1)    all statements taken from persons by the accident investigation authority in the course of their investigation;

    2)    all communications between persons having been involved in the operation of the aircraft;

    3)    medical or private information regarding persons involved in the accident or incident;

    4)    recordings and transcripts of recordings from air traffic control units;

    5)    analysis of and opinions about information, including flight recorder information, made by the accident investigation authority and accredited representatives in relation to the accident or incident; and

    6)    the draft Final Report of an accident or incident investigation.

5.12.1    **Recommendation.—** *States should determine whether any other records obtained or generated by the accident investigation authority, as a part of an accident or incident investigation, need to be protected in the same way as the records listed in 5.12.*

5.12.2    The records listed in 5.12 shall be included in the Final Report or its appendices only when pertinent to the analysis of the accident or incident. Parts of the records not relevant to the analysis shall not be disclosed.

*Note.— The records listed in 5.12 include information relating to an accident or incident. The disclosure or use of such information for purposes where the disclosure or use is not necessary in the interest of safety may mean that, in the future, the information will no longer be openly disclosed to investigators. Lack of access to such information would impede the investigation process and seriously affect aviation safety.*

5.12.3    The names of the persons involved in the accident or incident shall not be disclosed to the public by the accident investigation authority.

5.12.4    States shall ensure that requests for records in the custody or control of the accident investigation authority are directed to the original source of the information, where available.

5.12.4.1    **Recommendation.—** *The accident investigation authority should retain, where possible, only copies of records obtained in the course of an investigation.*

5.12.5    States shall take measures to ensure that audio content of cockpit voice recordings as well as image and audio content of airborne image recordings are not disclosed to the public.

5.12.6    States issuing or receiving a draft Final Report shall take measures to ensure that it is not disclosed to the public.

*Note.— Appendix 2 contains additional provisions on the protection of accident and incident investigation records. These provisions appear separately for convenience but form part of the SARPs.*

### Reopening of investigation

5.13    If, after the investigation has been closed, new and significant evidence becomes available, the State which conducted the investigation shall reopen it. However, when the State which conducted the investigation did not institute it, that State shall first obtain the consent of the State which instituted the investigation.

*Note.— Where an aircraft which was considered missing following an official search is subsequently located, consideration may be given to reopening the investigation.*

## RESPONSIBILITY OF ANY OTHER STATE

### Information — Accidents and incidents

5.14    Any State shall, on request from the State conducting the investigation of an accident or an incident, provide that State with all the relevant information available to it.

*Note.— See also 5.16.*

5.14.1    **Recommendation.—** *States should cooperate to determine the limitations on disclosure or use that will apply to information before it is exchanged between them for the purposes of an accident or incident investigation.*

5.15    Any State, the facilities or services of which have been, or would normally have been, used by an aircraft prior to an accident or an incident, and which has information pertinent to the investigation, shall provide such information to the State conducting the investigation.

## RESPONSIBILITY OF THE STATE OF REGISTRY AND
## THE STATE OF THE OPERATOR

### Flight recorders — Accidents and serious incidents

5.16    When an aircraft involved in an accident or a serious incident lands in a State other than the State of Occurrence, the State of Registry or the State of the Operator shall, on request from the State conducting the investigation, furnish the latter State with the flight recorder records and, if necessary, the associated flight recorders.

*Note.— In implementing 5.16, the State of Registry or the State of the Operator may request the cooperation of any other State in the retrieval of the flight recorder records.*

*Organizational information*

5.17   The State of Registry and the State of the Operator, on request from the State conducting the investigation, shall provide pertinent information on any organization whose activities may have directly or indirectly influenced the operation of the aircraft.

## PARTICIPATION IN THE INVESTIGATION

*Note.— Nothing in this Annex is intended to imply that the accredited representative and advisers of a State have to be always present in the State in which the investigation is conducted.*

PARTICIPATION OF THE STATE OF REGISTRY,
THE STATE OF THE OPERATOR, THE STATE OF DESIGN AND
THE STATE OF MANUFACTURE

*Rights*

5.18   The State of Registry, the State of the Operator, the State of Design and the State of Manufacture shall each be entitled to appoint an accredited representative to participate in the investigation.

*Note.— Nothing in this Standard is intended to preclude the State that designed or manufactured the powerplant or major components of the aircraft from requesting participation in the investigation of an accident.*

5.19   The State of Registry or the State of the Operator shall appoint one or more advisers, proposed by the operator, to assist its accredited representative.

5.19.1   **Recommendation.**— *When neither the State of Registry, nor the State of the Operator appoint an accredited representative, the State conducting the investigation should invite the operator to participate, subject to the procedures of the State conducting the investigation.*

5.20   The State of Design and the State of Manufacture shall be entitled to appoint one or more advisers, proposed by the organizations responsible for the type design and the final assembly of the aircraft, to assist their accredited representatives.

5.21   **Recommendation.**— *When neither the State of Design nor the State of Manufacture appoint an accredited representative, the State conducting the investigation should invite the organizations responsible for the type design and the final assembly of the aircraft to participate, subject to the procedures of the State conducting the investigation.*

*Obligations*

5.22   When the State conducting an investigation of an accident to an aircraft of a maximum mass of over 2 250 kg specifically requests participation by the State of Registry, the State of the Operator, the State of Design or the State of Manufacture, the State(s) concerned shall each appoint an accredited representative.

*Note 1.— Nothing in 5.22 is intended to preclude the State conducting an investigation from requesting the State that designed or manufactured the powerplant or major components of the aircraft to appoint an accredited representative whenever the former State believes that a useful contribution can be made to the investigation or when such participation might result in increased safety.*

*Note 2.— Nothing in 5.22 is intended to preclude the State conducting an investigation from requesting the State of Design and the State of Manufacture to give assistance in the investigation of accidents other than those in 5.22.*

## PARTICIPATION OF OTHER STATES

### Rights

5.23    Any State which on request provides information, facilities or experts to the State conducting the investigation shall be entitled to appoint an accredited representative to participate in the investigation.

*Note.— Any State that provides an operational base for field investigations, or is involved in search and rescue or wreckage recovery operations, or is involved as a State of a code-share or alliance partner of the operator, may also be invited to appoint an accredited representative to participate in the investigation.*

## ENTITLEMENT OF ACCREDITED REPRESENTATIVES

### Advisers

5.24    A State entitled to appoint an accredited representative shall also be entitled to appoint one or more advisers to assist the accredited representative in the investigation.

*Note 1.— Nothing in the above provisions is intended to preclude a State participating in an investigation from calling upon the best technical experts from any source and appointing such experts as advisers to its accredited representative.*

*Note 2.— Facilitation of the entry of the accredited representatives, their advisers and equipment is covered in Annex 9 —* Facilitation. *The carriage of an official or service passport may expedite the entry.*

5.24.1    Advisers assisting accredited representatives shall be permitted, under the accredited representatives' supervision, to participate in the investigation to the extent necessary to enable the accredited representatives to make their participation effective.

### Participation

5.25    Participation in the investigation shall confer entitlement to participate in all aspects of the investigation, under the control of the investigator-in-change, in particular to:

a)   visit the scene of the accident;

b)   examine the wreckage;

c)   obtain witness information and suggest areas of questioning;

d)   have full access to all relevant evidence as soon as possible;

e)   receive copies of all pertinent documents;

f)   participate in read-outs of recorded media;

g)   participate in off-scene investigative activities such as component examinations, technical briefings, tests and simulations;

h)   participate in investigation progress meetings including deliberations related to analysis, findings, causes, contributing factors and safety recommendations; and

i)   make submissions in respect of the various elements of the investigation.

However, participation of States other than the State of Registry, the State of the Operator, the State of Design and the State of Manufacture may be limited to those matters which entitled such States to participation under 5.23.

*Note 1.— It is recognized that the form of participation would be subject to the procedures of the State in which the investigation, or part thereof, is being conducted.*

*Note 2.— The collection and recording of information need not be delayed to await the arrival of an accredited representative.*

*Note 3.— Nothing in this Standard precludes the State conducting the investigation from extending participation beyond the entitlement enumerated.*

*Note 4.— The pertinent documents referred to in subparagraph e) also include documents such as the reports on examinations of components or studies performed within the framework of the investigation.*

### Obligations

5.26    Accredited representatives and their advisers:

a)   shall provide the State conducting the investigation with all relevant information available to them; and

b)   shall not divulge information on the progress and the findings of the investigation without the express consent of the State conducting the investigation.

*Note.— Nothing in this Standard precludes prompt release of facts when authorized by the State conducting the investigation, nor does this Standard preclude accredited representatives from reporting to their respective States in order to facilitate appropriate safety actions.*

## PARTICIPATION OF STATES HAVING SUFFERED FATALITIES OR SERIOUS INJURIES TO THEIR CITIZENS

### Rights and entitlement

5.27    A State which has a special interest in an accident by virtue of fatalities or serious injuries to its citizens shall be entitled to appoint an expert who shall be entitled to:

a)   visit the scene of the accident;

b)   have access to the relevant factual information which is approved for public release by the State conducting the investigation, and information on the progress of the investigation; and

c)   receive a copy of the Final Report.

This will not preclude the State from also assisting in the identification of victims and in meetings with survivors from that State.

    *Note.— Guidance related to assistance to aircraft accident victims and their families is provided in the* Manual on Assistance to Aircraft Accident Victims and their Families *(Doc 9973).*

    5.28   **Recommendation.**— *The State conducting the investigation should release, at least during the first year of the investigation, established factual information and indicate the progress of the investigation in a timely manner.*

---

## <u>CERTIFICATE OF SERVICE</u>

      I, Bates McIntyre Larson, certify that on February 25, 2019, I electronically filed the foregoing ***MOTION TO SEQUENCE DISCOVERY*** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to attorneys of record, and served a copy by email on the following counsel of record.

      Thomas P. Routh
      contact@nolan-law.com
      NOLAN LAW GROUP
      20 N. Clark Street 30th Floor
      Chicago, Illinois 60602
      (312) 630-4000

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 25th day of February, 2019.

       /s/     Bates McIntyre Larson
      PERKINS COIE LLP
      131 South Dearborn Street, Suite No. 1700
      Chicago, Illinois 60603-5559
      Tel: (312) 324-8400
      Fax: (312) 324-9400